## Kentucky By-Product Coal Company v. Cline.

(Decided October 7, 1924.)

### Appeal from Martin Circuit Court.

Corporations—Knowledge of Purchasing Agent of Rights of Third Person in Land Purchased was Knowledge of Corporation.— Knowledge of purchasing agent of corporation of rights of third person in land purchased by him for corporation was knowledge of corporation, and it was not a bona fide purchaser without notice.

W. R. McCOY for appellant.

A. J. MAY and C. B. WHEELER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

William Cline died on March 1, 1909. He owned at his death several tracts of land in Floyd county, also a tract of 1,036 acres in Martin county. He left surviving

him his wife, Maggie Cline, and nine children, one of whom was Leona Cline, who afterwards married C. B. Ramsey. On December 1, 1910, Ramsey and wife conveyed to Maggie Cline, in consideration of $705.00 cash in hand paid, among other things, her interest in the Martin county tract. This deed was lost or destroyed and in an equity action in West Virginia, where they then lived, on April 27, 1911, a commissioner's deed was made to Maggie Cline for this land, which was recorded in Floyd county and not in Martin. It was placed on the general index in Floyd county under the name of Wilson, commissioner, as grantor. On May 17, 1919, Ramsey and wife conveyed her interest in the Martin county tract to the Kentucky By-Product Coal Company. Maggie Cline brought this action against the coal company to quiet her title to the land, alleging that it bought the tract with full notice of her rights. This was denied. On final hearing the circuit court entered judgment for the plaintiff. The defendant appeals.

The deed to the appellant was executed pursuant to a contract made with Ramsey and wife by L. K. Vincent, as purchasing agent of appellant, some time before the deed was executed. At the time this contract was made the purchasing agent paid them $200.00 of the purchase money; the remainder was to be paid when the deed was executed.

The proof shows clearly that the purchasing agent first undertook to buy this land from Maggie Cline and that she told him fully the exact state of the title. This is shown not only by her evidence but also by a number of declarations made by Vincent after his attempted purchase from her. With this knowledge in his mind he made the contract with Ramsey and wife for the purchase of the land, and submitted the contract to his company without informing any of its officers of the facts he knew. The vice president of the company, who had charge of this part of its business, referred the contract to its attorney, W. R. McCoy, who, after investigating the records, reported the title to the land all right, and thereupon they paid Ramsey and wife $1,740.00, which was the balance of the purchase money. Neither the vice president, who paid the money and accepted the deed, or the attorney who approved the title had any notice of the previous deed to Maggie Cline, but this fact was well known to Vincent, the purchasing agent, who made the

contract and paid the first $200.00 of the consideration. In 7 R. C. L. 635 the rule on the subject is thus stated:

> "In accordance with a well known rule of the law of agency, notice to corporate officers or agents within the scope or apparent scope of their authority is attributed to the corporation. In order to impute to a corporation the knowledge of or notice to an alleged officer or agent of the corporation, such officer or agent must have been in fact the officer or agent of the corporation and acting within the scope of his authority."

It is conceded that Vincent was the purchasing agent of the corporation and was acting within the scope of his authority in making the purchase. Notice to him was therefore notice to the corporation. It was unnecessary that all the officers and agents of the corporation should have notice. The notice to Vincent must be attributed to it. The loss which falls upon the corporation is due to the action of its own agent in failing to report to it the facts, and under well settled principles the principal of the agent must bear the loss rather than Maggie Cline, who was in no wise responsible for the act of the agent.

Judgment affirmed.